FLORENCE P. SHINN et al., respondents,

*v.*

SAMUEL COHEN et al., appellants.

[Decided February 1st, 1926.]

On appeal from a decree of the court of chancery, where Vice-Chancellor Ingersoll filed the following conclusions:

"On October 7th, 1924, the defendants, Samuel Cohen and Louis Baker, trading as Atlantic City Express and Storage Warehouse Company, let to Florence P. Shinn certain premises in Atlantic City for a term of five years at the rent of $30,000, payable $500 on the sixth day of each month in advance. The lease also included the good-will of said business, and an agreement that said Shinn would make and execute a mortgage upon certain property in Atlantic City in the sum of $7,000 'to secure the purchase price of two certain automobiles trucks this day sold and delivered by the first parties to the second party, as well as to secure the first installment of rent under the within lease * * *.'

"This mortgage was duly executed by Mrs. Shinn and James M. Shinn, her husband.

"On said date a bill of sale in the usual form for personal property was made by Cohen and Baker to Mrs. Shinn and the trucks delivered to her. This bill of sale did not comply with the provisions of 'An act relating to and regulating the sale and purchase of motor vehicles, requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment of same and providing penalties therefor,' approved April 15th, 1919, laws 1919, page 357.

"On the 21st day of January, 1925, the said Cohen and Baker canceled and surrendered the said lease; in said cancellation, which was also signed by Mrs. Shinn, appears the following:

" 'This mortgage aforesaid is hereby ratified and confirmed in all its terms, and this indenture shall serve as an acknowledgment that there is due upon the signing here by the second party to the first part the said sum of $7,000 mentioned in the said mortgage; provided, however, that instead of the monthly payments of $200, as provided in said mortgage, the second party shall be at liberty to pay such amounts on account of the principal amount of the mortgage as she may deem fit from time to time; provided, however, that the entire principal of said mortgage shall be due and payable within three years of its date.'

"On March 23d, 1925, Mrs. Shinn caused to be served upon Cohen and Baker, or one of them, a notice as follows:

" 'ATLANTIC CITY, N. J., March 23, 1925.
To Samuel Cohen and Louis Baker:

We are herewith returning to you two Acme Trucks, one Serial No. 509T-4, Engine No. 509L-4, year 1921, and the other Serial No. 8545C, Engine No. 6682E, year 1920, which said trucks have been in our possession, but to which we have never had any legal title in accordance with Chapter 168, Laws of 1919, and amendments thereto, inasmuch as no manufacturer's bill of sale was ever delivered to us. Title to these trucks has never been given to us and is still in you, who are the owners thereof.

> FLORENCE P. SHINN,
> JAMES M. SHINN.'

"On the following day the following letter was sent to Mrs. Shinn:

" 'March 24, 1925.
Mrs. Florence P. Shinn, Mr. James M. Shinn, 2118 Pacific Ave.,
　　Atlantic City N. J.
Dear Mr. and Mrs. Shinn:

Mr. Samuel Cohen has handed me a notice which was delivered to him yesterday, addressed to him and to his partner, Louis Baker, concerning two Acme Trucks, and has also shown me a copy of a receipt given you for $513.75.

From the tone of your communication I assume that you now repudiate the transaction whereby you purchased the trucks, and, of course, repudiate the mortgage given to secure the payment thereof. I would suggest that you advise your lawyer that you did receive a bill of sale for these two trucks on the date this transaction was closed.

This is also to advise you that, unless the interest on the balance of this mortgage is paid promptly when due, proceedings will be instituted to foreclose the same.

> Yours truly,
> MORRIS BLOOM.'

"The trucks remained in the garage, where they had been kept on the property of of Cohen and Baker, and which, on the 21st day of January, they had rented to one Parker.

"Mrs. Shinn paid the $500 installment of rent (together with interest), which was secured by the mortgage.

"The complainants pray that the said bond and mortgage be surrendered and canceled of record, and that defendant by cross-bill pray for a foreclosure thereof.

"The question to be determined is, Was there a valid consideration for which the mortgage was given?

"Admittedly, the bill of sale for the trucks was not in accordance with the act of April 15th, 1919. This act has been considered by the supreme court in *Stein* v. *Scarpa, 96 N. J. Law 86,* which held: 'A sale of an automobile, in which the seller does not comply with the provision of the act of 1919, may be rescinded by the purchaser, and the purchase price recovered.' This opinion was sustained by the court of errors and appeals.

"In *Arotzky* v. *Kropnitzky, 98 N. J. Law 344,* it was held that a bank check given in part payment for a motor vehicle made in violation of chapter 168 of the laws of 1919 (*P. L. p. 357*), was unenforceable in the hands of the payee, being a feature of the unlawful sale.

"Counsel for the defendants claim that Vice-Chancellor Buchanan has taken another view in *Gaub* v. *Mosher, 3 N. J. Mis. R. 607;* but the vice-chancellor, in the opinion, differentiates the case he was then deciding from the *Stein Case, supra,* and the *Arotzky Case, supra.*

"In the *Stein Case* the court found that both parties had acted innocently, and sustained the purchaser's claim of right to rescind and recover back the purchase price.

"In the *Arotzky Case,* evidently neither party was innocent, and neither could expect aid from the court.

"The present case follows the *Stein Case,* and, unless the surrender of January 21st, 1925, is a sufficient consideration for the mortgage, the prayer of the bill must be granted.

"A reading of this paper is clear that it did no more than ratify and confirm the mortgage, and acknowledge the

validity of the mortgage based upon its original consideration.

"The cross-bill will be dismissed, and, as the payment of the mortgage is not enforceable, it is useless that it remain of record, and a decree will be advised in favor of the complainants."

*Mr. Isadore Sacks,* for the respondents.

*Messrs. Cole & Cole,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Ingersoll.

*For reversal*—None.